IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

|  |  |
|---|---|
| LEDCOMM LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 2:21-cv-3208-JHS |
| WESTINGHOUSE LIGHTING CORPORATION, | ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) |

### REPORT OF RULE 26(f) MEETING

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's November 9, 2021 order (Dkt. No. 15), Plaintiff LedComm LLC ("LedComm" or "Plaintiff") and Defendant Westinghouse Lighting Corporation ("Westinghouse" or "Defendant") conferred on November 26, 2021, and hereby submit the following report of their meeting for the Court's consideration:

1. **Discussion of Claims, Defenses and Relevant Issues**

This is a patent infringement case, in which LedComm alleges that Westinghouse has infringed seven LedComm patents relating to LED technology. Specifically, LedComm alleges that Westinghouse has directly infringed LedComm's U.S. Patent Nos. 6,803,606, 6,982,522, 7,012,277, 7,154,125, 7,161,190, 7,301,176, and 7,490,959 (collectively, the "Asserted Patents") by making, using, importing, selling, and/or offering to sell one or more of its commercial products, including, *inter alia*, Westinghouse 7.5-Watt Equivalent S11 LED Light Bulb (4511300), Westinghouse 40-Watt Eq Red Omni A19 LED Party Light Bulb (0315300), Westinghouse 60-Watt Equivalent A19 LED Grow Light Bulb (51810), Westinghouse 60W Equivalent Bright White T7 Medium Base LED Light Bulb (3319900), Westinghouse 75-Watt White Integrated LED Flush Mount (6401100), Westinghouse 85-Watt Equivalent Bright White R40 Dimmable LED Light Bulb (5306400), Westinghouse 150-Watt Equivalent Omni A21 LED

1

Light Bulb Bright White (5159000), Westinghouse 200-Watt Equivalent Omni A23 LED Light Bulb Bright White (5160000), Westinghouse 65-Watt Equivalent BR30 Flood LED Grow Light Bulb (5182000), Westinghouse 60W Equivalent Bright White Omni A19 Dimmable LED Light Bulb (5343900), Westinghouse 60W Equivalent Soft White A19 Omni LED Light Bulb (4369700), Westinghouse 15 Watt (100 Watt Equivalent) PAR38 Flood Outdoor Green LED Light Bulb (3314900), Westinghouse 40-Watt Equivalent Omni A19 Green LED Party Bulb with Medium Base (0315200), Westinghouse 6 Watt (40 Watt Equivalent) Blue Omni A19 LED Party Bulb (0315400), Westinghouse 100W Equivalent Red PAR38 LED Weatherproof Flood Light Bulb (3314700), Westinghouse SunTube 18 Watt Broad Spectrum LED Indoor Horticultural Fixture (6365800) (collectively, the "Accused Products") that incorporate LedComm's patented inventions.

Westinghouse filed its answer on November 1, 2021. *See* Dkt. No. 14. Westinghouse denies that it infringes any valid patent claim asserted against it and asserts six affirmative defenses, including failure to state a claim, non-infringement, invalidity, prosecution history estoppel, estoppel, and limitation on damages and costs.

The parties identify the following principal issues in this action:

- the number of claims LedComm should be permitted to assert in the action;
- the proper construction of any disputed terms in the asserted claims of the Asserted Patents;
- whether Westinghouse has infringed the Asserted Patents directly, literally and/or under the doctrine of equivalents;
- whether the Asserted Patents are valid and enforceable;
- the amount of damages and prejudgment and postjudgment interest, if any, recoverable by LedComm if Westinghouse is found to have infringed any valid claims of the Asserted Patents;
- whether LedComm or Westinghouse is entitled to attorneys' fees under 35 U.S.C. § 285; and
- any other matters the parties may raise in this action.

2

LedComm anticipates discovery concerning the foregoing issues, including requiring documents and information relating to the design of the Accused Products, Westinghouse's sales of the Accused Products and related financial information, Westinghouse's s knowledge of the Asserted Patents, and documents and information from third-party resellers, distributors, dealers, retailers, wholesalers, or other entities that ship, fulfill orders for, sell, or offer for sale the Accused Products.

Westinghouse anticipates discovery concerning the foregoing issues, including requiring at least documents and information relating to ownership of the Asserted Patents, licensing of the Asserted Patents, marking of the Asserted Patents, licensing and licensors of the Asserted Patents, prosecution of the Asserted Patents and related patents and applications, prior litigation and settlements concerning the Asserted Patents, prior use of the inventions claimed in the Asserted Patents, prior art to the Asserted Patents, and any attempts to commercialize the Asserted Patents.

LedComm anticipates that it may file one or more motions for summary judgment on issues including infringement, validity, and/or defenses raised by Westinghouse. LedComm's investigation in this action is ongoing, and LedComm reserves the right to move for summary judgment on different or additional issues, in view of additional information obtained through discovery, Court rulings in this matter, or other issues that may arise as this action progresses. Further, while LedComm does not intend to file any motions seeking to add new parties at this time, as information becomes known to LedComm through discovery, LedComm may seek to add new parties, including possible Westinghouse affiliates or related companies, or other entities involved in the manufacture, use, importation, sale, and/or offer for sale of the Accused Products, such as entities identified by Westinghouse as having been involved in one or more of the foregoing.

Westinghouse anticipates that it may file one or more summary judgment motions on issues including non-infringement, invalidity, unenforceability, and/or damages. Westinghouse's investigation in this action is ongoing, and Westinghouse reserves the right to move for summary

judgment on different or additional issues, in view of additional information obtained through discovery, Court rulings in this matter, or other issues that may arise as this action progresses.

### 2. Informal Disclosures

The parties exchanged Initial Disclosure in accordance with Rule 26(a) and the Court's November 9, 2021 order (Dkt. No. 15).

### 3. Formal Discovery

#### A. Discovery Phases

The Parties propose that discovery should be phased to have a first phase for fact discovery (which includes claim construction discovery) and a second phase for expert discovery. As of the date of this Report, LedComm has served on Westinghouse a first set of interrogatories and a first set of requests for production of documents. Westinghouse has produced sales information regarding the Accused Products. No other formal discovery has occurred to date.

#### B. Proposed Agreements or Modifications of the Discovery Rules

i. Fact and expert discovery will be in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Rules. The parties do not currently propose any changes to the discovery limitations imposed by these rules, including the Court's Rule that the discovery deadline should normally be no more than 120-150 days from the date of the Rule 16 Conference. In the event that additional discovery is needed, the parties will attempt to address the issues by agreement and/or seek the Court's approval.

ii. The parties do not believe that this case poses any unique issues relating to the disclosure or discovery of Electronically Stored Information ("ESI"). The parties agree to come up with an agreement regarding discovery of ESI, including emails, and for the logging of privileged communications, which agreement will be submitted to the Court for approval.

iii. Pursuant to Federal Rule of Evidence 502(d) and Fed. R. Civ. P. 26(b)(5), the parties agree that the inadvertent production of privileged or attorney work product documents does not constitute a waiver of the privilege or immunity. When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection,

the obligations of the receiving party set forth under Fed. R. Civ. P. 26(b)(5)(B) shall apply. The parties agree that privilege logs need not list privileged communications with litigation counsel that post-date the filing of the complaint.

      iv.      The parties agree that, pursuant to Fed. R. Civ. P 26(b)(4)(b), no draft expert reports, notes, outlines, or disclosures leading up to a final expert report or declaration are discoverable in whatever form. In addition, where a party retains independent consultants or experts to further technical or consulting services or to give testimony with respect to the subject matter of this action, the following materials will be deemed to be privileged materials or materials otherwise protected from production based on a claim of privilege (attorney-client, work product, or other privilege) and thus not discoverable:

(a) Correspondence between such independent consultants or experts and a party or its outside counsel;

(b) Drafts of expert reports, declarations, or any other materials drafted by or for such independent consultants or experts regarding the subject matter of this action; and

(c) Communications between such independent consultants and experts and a party or its outside counsel that are related to drafts and/or revisions of expert reports, declarations, or other materials drafted by or for such independent consultants or experts, or that are related to the preparation to testify at a hearing, trial, or deposition in this action.

Such protections provided herein are to be construed in addition to and shall not diminish the protections provided in Fed. R. Civ. P. 26(b)(3)-26(b)(4). Nothing herein, however, limits the rights of the parties to examine an expert or consultant concerning the information he or she relied upon in forming his or her opinions, which information shall not be privileged.

      v.      The parties agree that a protective order will be needed in this case to protect confidential and sensitive technical and business information. The parties plan to jointly file a proposed protective order no later than 3 weeks after the Rule 16 Conference.

      vi.      Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive by electronic transmission all items that are required to be served under Fed. R. Civ. P. 5(a) and that are not

filed with the Court. Such electronic transmission will constitute service and any right to service by USPS mail is waived.

4. **Electronic Discovery**

The parties have discussed electronic discovery and intend to propose an electronic discovery order commensurate with the issues in this case either prior to or at the Rule 16 Conference. The parties agree that the default standards in accordance with the Court's Order Governing Electronic Discovery shall apply until the parties reach an agreement on how to conduct electronic discovery.

5. **Expert Witness Disclosures**

The parties agree that expert discovery, if any, should be keyed off the close of fact discovery, as follows:

- opening expert reports on issues for which the parties bear the burden of proof: 4 weeks after the close of fact discovery;
- rebuttal expert reports: 4 weeks after opening expert reports;
- deadline to conduct expert deposition: 3 weeks after rebuttal expert reports

6. **Early Settlement or Resolution**

The parties have had preliminary settlement discussions, but no resolution has been reached at this time. The parties anticipate that they will continue to be in contact and discuss the potential for settlement from time to time. The parties also propose, pursuant to Local Rule 53.3, to engage in further settlement discussions and consider, for example, formal mediation.

7. **Trial**

LedComm has requested a jury trial, and Westinghouse intends to do so as well. Given that this case involves allegations of infringement of seven patents, the parties estimate that the trial will require 6-8 days depending on the number of patent claims asserted by LedComm at trial and the issues to be tried, including infringement, validity, and damages. Westinghouse alleges that the number of claims LedComm is permitted to assert in this action will correlate to the time necessary for trial.

The parties do not agree to a referral of the case to U.S. Magistrate Judge Carol Sandra Moore Wells for trial.

**8. Other Matters**

The parties agree to submit a joint scheduling order no later than 2 weeks after the Rule 16 Conference.

Respectfully submitted,

| | |
|---|---|
| Dated: November 26, 2021 | Dated: November 26, 2021 |
| /s/ *Richard C. Weinblatt* | /s/ *John D. Simmons* |
| Richard C. Weinblatt<br>PA Bar No. 87932<br>**STAMOULIS & WEINBLATT LLC**<br>800 N. West Street, Third Floor<br>Wilmington, DE 19801<br>Tel: (302) 999-1540<br>Fax: (302) 762-1688<br>weinblatt@swdelaw.com<br><br>Cole B. Richter (*pro hac vice* forthcoming)<br>richter@ls3ip.com<br>Jae Y. Pak (*pro hac vice* admitted)<br>pak@ls3ip.com<br>David R. Grosby (*pro hac vice* forthcoming)<br>grosby@ls3ip.com<br>**LEE SULLIVAN SHEA & SMITH LLP**<br>656 West Randolph Street, Floor 5W<br>Chicago, IL 60661<br>Tel: (312) 754-0002<br>Fax: (312) 754-0003<br><br>*ATTORNEYS FOR PLAINTIFF* | John D. Simmons (ID 202405)<br>**PANITCH SCHWARZE BELLISARIO & NADEL LLP**<br>Two Commerce Square<br>2001 Market Street, Suite 2800<br>Philadelphia, PA 19103<br>Telephone: (215) 965-1330<br>Facsimile: (215) 965-1331<br>jsimmons@panitchlaw.com<br><br>*ATTORNEY FOR DEFENDANT* |